IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
(EASTERN DIVISION)

| | |
|---|---|
| Olaitan Kay Oshodi ) | |
|     Plaintiff ) | |
| v. ) | |
| ) | 21-cv-4947 |
| Rachele Demaster, and ) | |
| CSH Highland Park Lessee, LLC d/b/a ) | |
|   Arbor Terrace Highland Park ) | |
|     Defendants. ) | |
| _____) | |

## Complaint and Jury Demand

Plaintiff, Olaitan Kay Oshodi ("Ms. Oshodi"), alleges the following for her complaint against Rachele Demaster ("Ms. Demaster") and CSH Highland Park Lessee, LLC d/b/a Arbor Terrace Highland Park ("Arbor") as follows:

### Parties

1. Ms. Oshodi is a resident of Cook County, Illinois and her race is black.

2. Ms. Demaster is, on information and belief, a resident of Cook County, Illinois. At all times relevant to this complaint, Ms. Demaster was the executive director of a senior living facility located at 1000 Central Avenue in Highland Park, Lake County, Illinois (the "Highland Park Facility"). Ms. Demaster's race is white. At all times relevant to this complaint, Ms. Demaster was Ms. Oshodi's direct supervisor.

3. Arbor is the entity that currently employees workers at the Highland Park Facility. It is a manager-managed limited liability company organized under Delaware law with a principal place of business in Washington, D.C. On information and belief, Arbor is an indirect subsidiary of Capitol Seniors Housing ("CSH"), a private equity-backed real estate acquisition, development and investment management firm. Ms. Demaster is currently the executive director of Arbor.

### Jurisdiction and Venue

4. This Court has jurisdiction over Ms. Demaster and Arbor because (i) each of them do business in Lake County, Illinois, which is in this judicial district, and (ii) the acts and omissions of Ms. Demaster and Arbor that give rise to this complaint occurred in Lake County, Illinois.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Ms. Demaster is, on information and belief, a resident of Cook County, Illinois, which is in this district. Alternatively, venue is appropriate pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portions of the events giving rise to this claim occurred in Lake County, Illinois, which is located in this district.

6. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §1331 because this complaint alleges a violation of 42 U.S.C. §1981.

### Factual Allegations

7. Ms. Oshodi is a former director of sales at the Highland Park facility. She was initially hired by Atria Senior Living, Inc. and/or Atria Management Company, LLC (collectively "Atria") in June 2020.

8. Prior to joining Atria, Ms. Oshodi interviewed with Ms. Demaster, with a member of Atria's human resources department, and with a representative from CSH. Following these interviews, which ended with Ms. Oshodi receiving an offer to join Atria, Ms. Demaster made Ms. Oshodi's race an issue by telling Ms. Oshodi that various members of Ms. Demaster's team did not believe Ms. Oshodi would be a good fit because she was not from the predominately white Highland Park community. But given that Ms. Oshodi did not have trouble with any Atria employee other than (i) Ms. Demaster, and (ii) a white director of sales who started work four months after Ms. Oshodi, Ms. Demaster's statement about not fitting in could have applied to only one person–her.

2

9. During Ms. Demaster's tenure at Atria, she was subject to disparate treatment as demonstrated in the way that Ms. Demaster (micro)managed her versus the manner in which Ms. Demaster refused to manage the other (white) director of sales. By way of example, even though Ms. Oshodi significantly out-sold the white director of sales, Ms. Demaster (i) picked at the manner in which Ms. Oshodi updated certain records in the CRM, and (ii) made unfounded accusations about Ms. Oshodi's attendance and performance, which accusations Ms. Oshodi was able to easily disprove. (In other words, Ms. Demaster did not honestly believe there were any performance issues with Ms. Oshodi.) But Ms. Demaster applied no discipline to the white director of sales who was alternatively permitted to come and go as she pleased and who was not nearly as productive as Ms. Oshodi with respect to revenue generation.

10. Ultimately, Ms. Demaster's behavior was sufficiently problematic that Ms. Oshodi told Ms. Demaster that she (Ms. Oshodi) would report her to human resources for harassment. Ms. Demaster responded to Ms. Oshodi's statement by issuing a disciplinary write-up of her own, which Ms. Oshodi rebutted in its entirety, again demonstrating that Mr. Demaster did not honestly believe there were any performance issues with Ms. Oshodi.

11. Approximately a week after Ms. Demaster issued the disciplinary write up, Ms. Oshodi lodged a formal dispute of the corrective action and complained to Atria's office of human resources of unfair treatment due to, among other things, racial discrimination. She also inquired about specific Atria training on diversity and inclusion, including Ms. Demaster's receipt of that training.

12. Management of the Highland Park Facility transitioned from Atria to Arbor on or about midnight of July 1, 2021. Indeed, as Ms. Demaster stated in a LinkedIn post, the entire team from Atria was supposed to transition to become employees of Arbor:



13. The transition from Atria to Arbor required each employee to obtain new drug and tuberculosis tests, and Ms. Oshodi complied with this requirement and passed both her drug and her tuberculosis test. Accordingly, at or around the time of the transition from Atria to Arbor, Ms. Oshodi was told that she was clear to join Arbor team. However, despite (i) receiving written assurances that she had been clear to transfer to Arbor, and (ii) having an @arborcompany.com email address created for her, Ms. Oshodi was not transitioned. More specifically, on July 5, 2021 (Ms. Oshodi's next scheduled workday), when she was a few minutes from arriving to the office, Ms. Oshodi received a text message from Ms. Demaster telling her not to show up. A few days later, on July 7, Ms. Demaster fired Ms. Oshodi.

14. The ostensible reason for Ms. Oshodi's termination was a failure to timely complete her tuberculosis and drug test. However, Ms. Oshodi was assured that she would have a place at Arbor if she completed her drug and tuberculosis tests by July 1, 2021, which Ms. Oshodi did. Moreover, Ms. Oshodi's job remained open for at least six weeks following her termination,

4

suggesting that the stated reason for refusing to transition Ms. Oshodi from Atria to Arbor—and for terminating her employment—was a lie.

## Count I
*(Retaliation in violation of the Civil Rights Act of 1866 as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981 against Ms. Demaster and Arbor)*

15. Ms. Oshodi re-alleges and incorporates paragraphs 1-14 of this complaint as if set forth fully herein.

16. Ms. Oshodi lodged a complaint of racial discrimination against Ms. Demaster.

17. Ms. Demaster was aware of Ms. Oshodi lodging a complaint of racial discrimination against her.

18. Ms. Demaster refused to permit Ms. Oshodi to transition from Atria to Arbor despite (i) it being the expectation that everyone would transition from Atria to Arbor, (ii) Ms. Oshodi receiving assurances that she would be permitted to transition so long as she completed her drug and tuberculosis tests by July 1, 2021, and (iii) Ms. Oshodi timely completing her requirements for transferring from Atria to Arbor.

19. Ms. Oshodi's complaint about discrimination was the cause of Ms. Demaster's and Arbor's refusal to permit her to transition from Atria to Arbor and Ms. Demaster's decision (as an agent of Arbor) to terminate Ms. Oshodi.

20. As a result of Ms. Demaster's and Arbor's retaliation, Ms. Oshodi was denied wages, and benefits.

21. As a result of Ms. Demaster's and Arbor's retaliation, Ms. Oshodi has suffered anguish, humiliation, distress, inconvenience, and loss of enjoyment of life, thereby entitling her to compensatory damages.

22. In their retaliatory actions as discussed above, Ms. Demaster and Arbor acted with malice and/or reckless indifference to the rights of Ms. Oshodi, thereby entitling her to an award of punitive damages.

### Count II
*(Refusal to transfer/unlawful termination in violation of the Civil Rights Act of 1866 as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981 against Ms. Oshodi and Arbor)*

23. Ms. Oshodi re-alleges and incorporates paragraphs 1-14 of this complaint as if set forth fully herein.

24. Ms. Demaster and Arbor engaged in unlawful employment practices by failing to permit Ms. Demaster to transition from Atria to Arbor despite (i) Ms. Oshodi being qualified for the job, and (ii) it being the expectation that all employees of Atria would transition to Arbor.

25. Ms. Demaster's and Arbor's refusal to permit Ms. Oshodi to transfer and/or its decision to terminate Ms. Oshodi was due to Ms. Oshodi's race.

26. As a result of Ms. Demaster's and Arbor's discrimination, Ms. Oshodi was denied wages and benefits.

27. As a result of Ms. Demaster's and Arbor's discrimination, Ms. Oshodi has suffered anguish, humiliation, distress, inconvenience, and loss of enjoyment of life, thereby entitling her to compensatory damages.

28. In their discriminatory actions as discussed above, Ms. Demaster and Arbor acted with malice and/or reckless indifference to the rights of Ms. Oshodi, thereby entitling her to an award of punitive damages.

WHEREFORE, Ms. Oshodi respectfully prays that this Court:

A. Award compensatory damages;

B. Award punitive damages in an amount sufficient to punish Ms. Demaster and Arbor and to deter other employers (and their officers) from engaging in similar conduct;

C. Award prejudgment interest;

D. Award front pay in lieu of reinstatement;

E. Award attorney's fees and costs; and

F. Award any other relief that the Court deems just and/or equitable and/or proper.

### Jury Demand

Ms. Oshodi demands trial by jury on all issues so triable.

Respectfully submitted,  
September 17, 2021

*/s/ Fitzgerald T. Bramwell*  
Fitzgerald T. Bramwell  
**LAW OFFICES OF FITZGERALD BRAMWELL**  
77 West Wacker Drive, Suite 4500  
Chicago, Illinois 60601  
312-924-2884 (voice)  
bramwell@fitzgeraldbramwell.com